**Affirmed and Opinion Filed June 23, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-00079-CV

**TIFFANY TRAILS OWNERS ASSOCIATION, INC., Appellant**
**V.**
**LARRY JISTEL, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 09-9022**

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill, and Brown
Opinion by Justice Bridges

Tiffany Trails Owners Association appeals the trial court's judgment denying its bill of review. In three issues, Tiffany Trails argues the trial court erred in denying its bill of review because it was deprived of its right to file a motion for new trial, and a default judgment would not have been rendered had counsel for Jistel advised the trial court that Tiffany Trails was represented by counsel or inquired whether or not counsel for Tiffany Trails intended to proceed with representing Tiffany Trails before taking a default judgment. We affirm the trial court's judgment.

On November 3, 2006, Emil Lippe, counsel for Jistel, filed a lawsuit seeking to prevent Tiffany Trails from foreclosing on his condominium for nonpayment of homeowners' association dues. Lippe filed the lawsuit and then sent a copy of the papers to the attorney that

had been sending notices of foreclosure. On December 11, 2006, Lippe served citation upon Tiffany Trails' President, Ed Watkins. On January 12, 2007, Watkins called Lippe and left a message that he had called. Lippe called back but was informed that Watkins was not there. Lippe got Watkins' cell phone number and called Watkins. At the beginning of the conversation, Watkins said, "Well, Larry has won." Lippe said, "Pardon?" And Watkins responded, "Well, it looks like Larry has won the lawsuit." Lippe asked what Watkins meant, and Watkins said, "We can't afford to pay the retainer of $15,000 that [Tiffany Trails' attorneys] quoted us to file an answer in your case. So it looks like Larry is going to get his judgment." Lippe "did try to have some conversation about settlement," but the conversation "didn't get anywhere." Following the phone conversation, no answer was filed on behalf of Tiffany Trails.

The case was set for a status conference with the court several months later, at which time the court instructed Lippe that, since no answer had been filed, the case would either be dismissed for want of prosecution or Jistel would need to file a motion for default judgment. Lippe filed a motion for default judgment on April 18, 2007 and, following a hearing, a default judgment was entered on June 21, 2007. From the time the lawsuit was originally filed, Lippe had filed a certificate with the court reflecting the involvement of counsel for Tiffany Trails. However, Lippe did not discuss Tiffany Trails' representation by counsel at the hearing on the default judgment and did not send counsel a copy of the default judgment. Lippe gave no notice to counsel for Tiffany Trails after January 2007 because Watkins had expressly advised him that Tiffany Trails was not hiring counsel to defend it in the underlying case.

On July 15, 2009, Tiffany Trails filed its petition for bill of review alleging, among other things, the trial court clerk did not send notice of the default judgment. Following a hearing, the trial court denied the bill of review, and this appeal followed.

In its first issue, Tiffany Trails argues the trial court erred by denying the bill of review because Tiffany Trails was deprived of its right to file a motion for new trial when the district clerk did not send notice of the default judgment. Tiffany Trails argues further that Jistel's attorney somehow failed to comply with a duty to notify Tiffany Trails or its attorney that Jistel was pursuing a default judgment. In related arguments in its second and third issues, Tiffany Trails argues denial of its bill of review was error because the default judgment would not have been rendered if Jistel's attorney had (1) advised the trial court that Tiffany Trails was represented by counsel or (2) inquired whether or not counsel for Tiffany Trails intended to proceed with representing Tiffany Trails. Because our analysis of Tiffany Trails' arguments relies upon the same facts and authorities, we address all three issues together.

A bill of review is an equitable proceeding to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to a motion for new trial. *King Ranch Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). A bill of review is proper where a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment, and at the time the bill of review is filed, there remains no such adequate legal remedy because, through no fault of the bill's proponent, fraud, accident, or mistake precludes presentation of a meritorious claim or defense. *Id.* The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point. *Id.* (citing *Alexander v. Hegedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950)). Thus, a bill of review petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that the petitioner was prevented from making by the fraud, accident, or wrongful act of his or her opponent, and (3) the petitioner was not negligent. *Id.* (citing *Alexander*, 226 S.W.2d at 998)). Although it is an equitable proceeding, the fact that an injustice has occurred is not sufficient to justify relief by

bill of review. *John A. Broderick, Inc. v. Kaye Bassman Int'l Corp.*, 333 S.W.3d 895, 901 (Tex. App.—Dallas 2011, no pet.).

Both parties focus on the trial court's findings of fact and conclusions of law. The trial court found, among other things, Tiffany Trails had actual notice of the underlying lawsuit by service of citation upon its president on or about December 11, 2006; Tiffany Trails was on actual notice that a default judgment could be taken at any time after its answer was due, but took no action to prevent this from happening; Jistel had no obligation to serve a copy of its motion for default judgment on Tiffany Trails or its counsel; the parties stipulated that the last known address for Tiffany Trails, furnished by Jistel's counsel when the motion for default judgment was filed, was the proper mailing address for Tiffany Trails; the computer system for the trial court reflects that a notice of the entry of the default judgment was mailed by the clerk to the address furnished by Jistel; and Tiffany Trails failed to monitor or keep itself advised of the status of the underlying case for over two years after service of citation.

The trial court's conclusions of law included the following: Tiffany Trails failed to prove all of the elements required for a bill of review; there is no evidence of any fraud, accident, or wrongful act on the part of Jistel or its counsel, and Jistel's counsel had no duty to serve a copy of the motion for default judgment upon Tiffany Trails or its counsel; upon receiving notice of the lawsuit and service of the citation, Tiffany Trails' conscious indifference to the underlying lawsuit constituted fault or negligence; the failure to file an answer within the time required by law and the failure to monitor the status of the underlying case constituted negligence on the part of Tiffany Trails; and because Tiffany Trails failed to prove all of the elements required for a bill of review the bill of review was denied.

We review conclusions of law de novo. *Id.* at 903. When, as here, we have complete reporters record, the trial court's fact findings are not conclusive and are subject to challenge on

evidentiary sufficiency grounds. *Id.* When a party challenges the legal sufficiency of an adverse finding on an issue on which it had the burden of proof, it must demonstrate the evidence conclusively established all vital facts in support of the issue. *Id.* at 903-04. We first examine the record for evidence supporting the finding. *Id.* at 904. If there is no evidence to support the finding, we then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.*

Initially, we note Tiffany Trails has cited no authority imposing a duty on Jistel's counsel (1) to serve a copy of the motion for default judgment on counsel for Tiffany Trails or (2) to make the trial court aware at the hearing on the motion that Tiffany Trails was represented by counsel. At the hearing on the bill of review, counsel for Tiffany Trails conceded, in making this argument, that "there is no law on this." Further, the record supports the trial court's finding that Tiffany Trails was on actual notice that a default judgment could be taken at any time after its answer was due but took no action to prevent this from happening. The record supports the conclusion that Watkins told Jistel's counsel "Larry has won," Tiffany Trails could not afford to pay its attorneys to file an answer, and "So it looks like Larry is going to get his judgment." Despite having notice, Tiffany Trails took no action until two years after the default judgment was entered. This evidence supports the trial court's conclusion that Tiffany Trails' conscious indifference to the underlying lawsuit constituted fault or negligence. To obtain relief by bill of review, Tiffany Trails was required to establish it was not negligent. *See King Ranch*, 118 S.W.3d 751; *Alexander*, 226 S.W.2d at 998. Under these circumstances, we conclude the trial court did not err in denying Tiffany Trails' bill of review. We overrule Tiffany Trails' first, second, and third issues.

We affirm the trial court's judgment.

110079F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TIFFANY TRAILS OWNERS
ASSOCIATION, INC., Appellant

No. 05-11-00079-CV          V.

LARRY JISTEL, Appellee

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 09-9022.
Opinion delivered by Justice Bridges.
Justices O'Neill and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee LARRY JISTEL recover his costs of this appeal from appellant TIFFANY TRAILS OWNERS ASSOCIATION, INC..

Judgment entered June 23, 2014

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE